IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HARRISON HAROLD JONES,

    Plaintiff,
v.                                       CASE NO. 5:17-cv-183-MCR-GRJ

JEREMY MATHIS, and
ERIC MOSELY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Jeremy Mathis' motion to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  ECF No. 21.  Plaintiff has filed a response in opposition to the motion.  ECF No. 26.  For the following reasons, the undersigned recommends that the Complaint be dismissed because Plaintiff's claims are barred by the applicable statute of limitations.

## Background

The Complaint, which was filed on July 17, 2017, stems from Plaintiff's criminal prosecution and guilty-plea conviction in Bay County, Florida, for grand theft.  ECF No. 1.  The Defendants are Jeremy Mathis, an investigator with the Bay County Sheriff's Office, and Eric Mosely, identified in the Complaint as an investigator for the Florida Department of

Regulation.[1]  Plaintiff claims that Defendants "abuse[d] their positions and power to obtain a criminal search warrant in violation of 42 U.S.C. § 1983", which resulted in Plaintiff's prosecution and conviction.  Plaintiff claims that Defendants violated his Fourth Amendment rights and defamed his character.  Plaintiff seeks compensatory damages and the return of his seized property.  *Id.*

Defendant Mathis' motion to dismiss argues that Plaintiff's claims are barred by the statute of limitations, that his claims should be dismissed to the extent that he is attempting to challenge his underlying conviction, and that Mathis is entitled to immunity from Plaintiff's defamation claim.  ECF No. 21.  As support for the motion, Defendant submits a copy of Plaintiff's judgment in the underlying criminal case reflecting that Plaintiff was adjudicated guilty pursuant to his plea on November 3, 2010, in Florida's Fourteenth Judicial Circuit Court, in and for Bay County, Case Number 10-2343G.  ECF No. 21-1.  Defendant argues that the applicable four-year

---

[1] **Error! Main Document Only.** Plaintiff also named as defendants the Bay County Sheriff's Office, the Florida Office of Regulation, and the Bureau of Financial Regulations.  Such entities are not "persons" under 42 U.S.C. § 1983, and there is no supervisory liability under § 1983.  The facts alleged do not suggest that these entities could be liable to Plaintiff under § 1983 on any other theory.  *See* ECF No. 1.  Therefore, the Court did not order service of process upon those defendants.  The Court ordered service of process upon Mosely at the address provided by Plaintiff, but the summons was returned unexecuted with a notation that Mosely did not work at that address.  ECF No. 14.  The Court ordered the United States Marshals Service to undertake reasonable efforts to locate Defendant, but such efforts were unsuccessful. ECF Nos. 16, 19.

statute of limitations expired long before Plaintiff filed the instant Complaint in July 2017. ECF No. 21.

Plaintiff does not dispute the validity of Defendant's exhibit. *See* ECF No. 26. In opposition to Defendant's argument that Plaintiff's claims are barred by the statute of limitations, Plaintiff argues that he did not receive a copy of the search warrant affidavit until late 2013 and that he discovered in early 2014 that "there were three major documents omitted from the affidavit." Plaintiff contends that the Complaint is therefore timely. *Id.*

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a cause of action" are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. To escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* at 683 (quoting

*Twombly*, 550 U.S. at 570)). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## Discussion

A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

In this case, it is apparent from the face of the Complaint that Plaintiff's claims are time-barred. According to the Complaint, the alleged unconstitutional acts by Defendants occurred when they executed a search warrant, supported by Defendants' affidavits, that ultimately led to Plaintiff's prosecution and conviction. Plaintiff does not dispute that the prosecution resulted in a judgment of conviction on November 3, 2010. Although Plaintiff does not state when the search warrant was executed, it obviously had to predate his prosecution and guilty plea.

In the context of execution of a search warrant, Plaintiff's injury occurred when his property was seized and not when he learned that the affidavits were allegedly defective. *See Triestman v. Probst*, 897 F. Supp. 48, 50 (N.D.N.Y. 1995) (citing *Shannon v. Recording Indus. Ass'n of Am.*, 661 F. Supp. 205, 210 (S.D. Ohio 1987), and *Dennis v. Figueroa*, 642 F. Supp. 959, 960-61 (D.P.R. 1986) (§ 1983 action for unlawful search and seizure accrued on dates of seizure rather than date on which state court declared the acts illegal)). Therefore, even without knowing the date the warrant was executed, the four-year statute of limitations on Plaintiff's search-warrant claims began to run no later than his guilty plea and conviction on November 3, 2010. *See Bloom v. Alvereze*, 2012 WL 5869383 **5, 498 Fed.Appx. 867, 875 (11th Cir. 2012) (four-year statute of

limitations for § 1983 claims relating to seizure of property began to run no later than date that trial commenced).[2]

Because Plaintiff's federal claims are time-barred, there is no basis for the Court to exercise jurisdiction over his supplemental state-law defamation claims. In any event, Plaintiff has not opposed Defendant's argument that his defamation claims are barred by Florida's two-year statute of limitations for actions for libel or slander. *See* ECF No. 21 (citing Fla. Stat. §95.11(4)(g)). It is also unnecessary for the Court to address Defendant's arguments that he is immune from Plaintiff's defamation claim and that Plaintiff's complaint essentially challenges his underlying conviction and is therefore barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 21, should be **GRANTED** and this case **DISMISSED** for failure to state a claim upon which relief may be granted because Plaintiff's claims are barred by the statute of limitations.

**IN CHAMBERS** this 2nd day of November 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] **Error! Main Document Only.**Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**